[Civ. No. 974.    Second Appellate District.—May 11, 1911.]

MARTHA A. McDONALD, Appellant, v. RAE W. KINGS-BURY, LUCY C. KINGSBURY et al., Respondents.

VENDOR AND PURCHASER—CONTRACT TO SELL LAND—TIME OF ESSENCE—WAIVER OF DEFAULT—EXTENSION OF TIME—ACTS OF AUTHORIZED AGENT—ASSENT—FORFEITURE UNWARRANTED.—Under a contract to sell land, in which time was made of the essence, where the trial court was warranted by the evidence in finding that one who was the general agent of the vendor in the sale and collection of payments and arrangement with reference to the time of payment, gave to the purchaser assurances that no advantage would be taken on account of defaulted payments, and that the vendor, having knowledge of the representations and assurances of the agent, acquiesced therein, and, making no objection thereto, received payments long after they were due, made upon faith of such promises, and pursuant thereto, the vendor was bound by the action of his agent, and is not in a position to urge a forfeiture for grossly willful breach of duty by the purchaser.

ID.—ACTION BY VENDOR TO QUIET TITLE—CONTRACT AND WAIVER PLEADED IN DEFENSE—FULL TENDER OF PAYMENT—RELIEF FROM FORFEITURE.—Where the vendor sought to claim a forfeiture of the contract, by an action to quiet his title against the purchaser, and the facts entitling defendant to avail himself of the contract and waiver of default were pleaded in the answer, after which defendant tendered and paid into court for plaintiff by its order the whole sum due, with interest, the court, under the facts, properly adjudged such payment full compensation, and relieved the defendant from forfeiture, under section 3275 of the Civil Code, providing: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

ID.—RIGHTS OF PARTIES NOT DEPENDENT ON ORIGINAL CONTRACT—MODI-FICATIONS—WAIVER—ESTOPPEL.—This is not a case in which the

rights of the parties depend alone on the terms of the original contract, but they are dependent also upon agreed modifications thereof, and the effect which should be given to the acts of the plaintiff as to waiver of the terms and conditions expressed, as well as matters involving an estoppel to claim under the strict letter of the agreement.

Id.—Case Coming Within Class to be Relieved from Forfeiture.— It is held that this case clearly comes within the class contemplated by section 3275 of the Civil Code, under which the court possessed the right, from the facts found, to relieve the defendant from the forfeiture claimed by plaintiff.

Id.—Title of Plaintiff Adjudged Subject to Contract and Compensation Decreed.—Where the defendant was relieved from the forfeiture upon payment of full compensation into court, the court properly found and adjudged that the title of the plaintiff was subject to the contract on compensation decreed, as might be done in the action to quiet title under section 738 of the Code of Civil Procedure.

Id.—Improper Term in Judgment — Modification—Affirmance.— Where the proper facts were found and adjudged, a ministerial entry by the clerk, "that the plaintiff take nothing," was inconsistent with the judgment, and will be properly stricken out, and the judgment as so modified and the order denying a new trial to the plaintiff will be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Davis & Rush, and Byron C. Hanna, for Appellant.

Clement L. Shinn, and Elizabeth L. Kenney, for Respondents.

ALLEN, P. J.—The action was one to quiet title. The facts as found by the trial court are these: Plaintiff and defendants' assignor entered into a written contract on January 24, 1905, for the sale and purchase of real property at the agreed price of $900, of which $50 was paid in cash and the residue to be paid in monthly payments of $10 each, with interest at seven per cent, payable semi-annually, upon deferred payments, time being made of the essence. Plaintiff,

by contract in writing, extended the time for the payment of the first four installments until May 20, 1905; that on said last-named date defendant paid $40, and subsequent and deferred payments were made, including interest, until September 26th; that no payments were thereafter made until December 5th, when the payments then in default were made and accepted by plaintiff. Thereafter, on February 24, 1906, the deferred payments with interest were again paid and accepted. No further payments were made. The first extension of time was given by one Broderson, the selling agent of plaintiff, which was ratified by plaintiff. Thereafter, Broderson, still a general selling agent of plaintiff, represented to defendant that, if necessary, she would carry defendant on account of future payments, and assured her that plaintiff would take no advantage of any failure to pay promptly; that plaintiff did receive payments, one of which was made by the agent, long after the same were due, and never refused to receive such past-due payments until November 6, 1906, at which date defendant tendered to plaintiff the amount, with interest, due upon such purchase, which plaintiff refused to accept, and thereafter brought this action. Defendant by answer set up the matters so found by the court in its findings with relation to extension of time and representations of the agent, and the trial court upon the hearing made an order that, if defendant would pay into court for plaintiff all the sums due, judgment would be entered in favor of defendant. Defendant made such payment, and the court found that such payment was a full, just and equitable compensation to plaintiff for all loss or injury suffered on account of default in payments; that no damage had resulted to plaintiff on account of such default; that defendant had been guilty of no grossly negligent, willful or fraudulent breach of duty; that defendant had a valid and subsisting right to complete such purchase and to be relieved from forfeiture. Judgment was entered accordingly, from which, and an order denying a new trial, plaintiff appeals.

It is contended by appellant that the finding that Broderson was the general agent of plaintiff when she made the representations and assurances to defendant, upon the, faith of which she acted, has no support. That Broderson was plaintiff's selling agent is not questioned; that, assuming to

act for plaintiff, she extended the time for payment of the
first four installments and executed a supplemental contract,
signed by herself, and plaintiff with full knowledge ratified
such act. Plaintiff intrusted to Broderson the duty of look-
ing after defendant's deferred payments, which is clearly
shown by her repeated calls upon Broderson to inquire why
defendant was lax in payment. That plaintiff had knowledge
of Broderson's representations that no advantage would be
taken on account of defaulted payments is shown by Brod-
erson's testimony where she says, with reference to such as-
surances, that "plaintiff made no objection to it when I told
her"; a rather indirect statement with reference to such com-
munications, yet it is susceptible of no construction other
than that she (Broderson) told plaintiff of such assurances
and that she acquiesced therein. We think there is, there-
fore, sufficient in the record to warrant the trial court in find-
ing that Broderson was a general agent of plaintiff, not only
in the sale, but in the matter of collection and arrangement
with reference to time of payment; and having knowledge of
the representations and assurances of her agent, making no
objection thereto, receiving payments long after due, made
pursuant thereto and upon the faith of such promises, plain-
tiff is bound by the action of Broderson in making such agree-
ment and is not in a position to say that defendant is guilty
of a grossly willful breach of duty.

The question remains as to the right of the court to relieve
defendant from the forfeiture occasioned by a breach of the
strict terms of the contract. Section 3275 of the Civil Code
provides: "Whenever, by the terms of an obligation, a party
thereto incurs a forfeiture, or a loss in the nature of a for-
feiture, by reason of his failure to comply with its provisions,
he may be relieved therefrom, upon making full compensation
to the other party, except in case of a grossly negligent, will-
ful, or fraudulent breach of duty." The assurances and rep-
resentations of Broderson, of which plaintiff had knowledge,
could only have the effect to lull defendant into a sense of
security and induce the belief that payments made after strict
default would be received as though made in time. Plaintiff
relies upon the doctrine of *Glock* v. *Howard etc. Co.*, 123 Cal.
15, [69 Am. St. Rep. 17, 55 Pac. 713, 43 L. R. A. 199], and
cases therein cited and discussed as establishing plaintiff's

right to claim a demand and forfeiture. We do not regard such cases as undertaking to construe the section of the code above quoted, nor to determine rights thereunder. *Glock* v. *Howard* is a learned and exhaustive discussion and determination of the rights of the parties who stand upon and whose rights are dependent alone upon the terms of a written contract. Here the rights are dependent upon the contract and modifications thereof and the effect which should be given the acts of plaintiff as to waiver of terms and conditions expressed, as well as matters involving an estoppel to claim under the strict letter of the agreement. We are of opinion that this case clearly comes within the class contemplated by the section above referred to, and that under such section the court possessed the right from the facts found to relieve from the forfeiture. When, however, defendant was so relieved, the plaintiff still held the legal title subject to the contract and agreement of purchase. This the court determined. The action being one to determine adverse claims to real property, the respective parties were entitled to have their rights, claims and interests finally determined. The findings of fact and conclusions of law, which constitute the judgment, when considered in connection with the admissions of the pleadings, may be said to comply with section 738 of the Code of Civil Procedure, and therefore sufficient in form to preserve the rights of all parties. The entry of such judgment, however, which is a requisite to its effective character, contains the recital ''that plaintiff take nothing by the action.'' While such entry is a ministerial act upon the part of the clerk, it, nevertheless, must be performed before an appeal will lie, and it may not be improper to say that upon it as entered the appeal rests. This entry of judgment should be modified by striking therefrom that part which recites ''that plaintiff take nothing.'' Such recital is not consistent with the judgment as pronounced.

. It is therefore ordered that the entry of judgment be modified by striking therefrom the words ''that the plaintiff take nothing against the defendants or either of them by this action''; and as so modified, the judgment and order are affirmed, without costs.

James, J., and Shaw, J., concurred.