[Civ. No. 6121. First Appellate District, Division Two.—February 10, 1928.]

F. A. URBAN, Respondent, v. F. B. YOAKUM et al., Appellants.

Ernest U. Schroeter and D. L. Di Vecchio for Appellants.

Dana R. Weller for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to quiet title to a tract of land in Los Angeles County. The defendants appeared and answered and filed a cross-complaint. The plaintiff answered the cross-complaint and the parties went to trial on the issues so framed. The trial court made findings in favor of the plaintiff, and a judgment was entered thereon. The defendants made a motion for a new trial, the motion was denied and they have appealed from the said judgment under section 953a of the Code of Civil Procedure.

Prior to the sixth day of July, 1922, Marie Verch owned lots 26, 28, and 30, and the easterly 18.735 feet of lot 32 in block 23 of "Park Tract" in the city of Los Angeles. On

that date the plaintiff purchased the said lands from Marie Verch through F. B. Yoakum as a broker. Thereafter on the tenth day of July, 1922, the plaintiff sold to the said F. B. Yoakum about one-half of said tract. When the plaintiff purchased he paid Marie Verch $1,000 down and executed to her a mortgage for the balance, which mortgage secured three notes, each bearing interest at six per cent— one for $3,500 payable September 1, 1922, one for $4,500 payable December 1, 1922, and one for $7,625 payable on or before July 6, 1925. By the terms of the contract between the plaintiff and the defendant F. B. Yoakum, the plaintiff agreed to sell for $8,312.50, payable $4,500, together with interest December 1, 1922, plus one-half of six per cent interest on $3,500 from September 1, 1922, to December 1, 1922, plus one-half of six per cent interest on $1,000 from July 6, 1922, and to December 1, 1922. The defendant did not make his payments according to the terms of the contract. He paid in all a little over $100.

A comparison shows that the dates when the plaintiff was bound to make his payments to Marie Verch coincided with the dates when the defendant was bound under the terms of his contract to make payments to the plaintiff.

If the defendant made his payments pursuant to the terms of his contract, and if the plaintiff in turn paid the moneys over to Marie Verch, then it would have transpired that the entire tract would have been encumbered in the sum of $7,625 and no more, and on December 1, 1922, the defendant would have been entitled to a deed to the portion so purchased by him, free and clear of all encumbrances except his *pro rata* of the said sum of $7,625.

The defendant did not make his payments on time. The plaintiff claimed that he made numerous requests. The defendant contended that he did not. The defendant also contended that the plaintiff waived the provisions of the contract fixing the dates of payments by accepting certain payments after the date on which the payments were, according to the terms of the contract, due and payable. These respective contentions will be hereinafter referred to.

On January 15, 1924, Marie Verch demanded payment by the plaintiff of the installment which was due under his contract with her. He did not have the money to make the payment and therefore sacrificed some properties by making

a sale at a loss, obtained the moneys, and made the payment. Thereafter, on January 25, 1924, defendant having failed to make his payments, the plaintiff served on him a notice of rescission. By the terms of that notice the defendant was notified that unless he made his payments within ten days thereafter, his contract would be canceled. Nevertheless he did not make his payments, but on the twentieth day of February, 1924, he conveyed or attempted to convey a one-half interest in his contract to E. A. Yoakum, his wife. That purported contract was acknowledged and was thereafter recorded. On March 10, 1924, this action was commenced.

The defendants call to our attention the fact that the contract between the plaintiff and the defendant did not contain a covenant to the effect that time was of the essence thereof. Thereupon they also call to our attention that at the time of the trial they tendered to the plaintiff the said sum of $4,500, together with all items of interest then due and that the plaintiff refused to accept it and that thereupon they deposited the same in court conditioned upon the execution of a deed by the plaintiff and a certificate of title showing that the land was subject to an encumbrance of $7,625, and no more.

The plaintiff's complaint pleaded in the ordinary form a cause of action to quiet title. The defendants interposed an answer which contained denials of the material allegations of plaintiff's complaint. It also pleaded as an affirmative defense the execution of the contract hereinabove mentioned, dated July 10, 1922, and the assignment of an undivided one-half interest therein by F. B. Yoakum and E. A. Yoakum, and that the defendants had fully performed said contract. The answer also pleaded another affirmative defense in which they alleged that they had repeatedly demanded a deed and tendered the payments provided in their contract and that they had at all times been ready, willing, and able to pay the said sums, but that the plaintiff had refused to execute to them the deed provided for in the contract. Then followed the allegation: "That by reason of the foregoing facts plaintiff ought to be and is in fact estopped from quieting his title in and to said lands against the defendants or either of them." The defendants filed a cross-complaint, in which they alleged the execution of the

contract dated July 10, 1922, full performance by them, their ability, etc., their demand, the refusal of plaintiff to execute a deed and that plaintiff was unable to execute a deed because the property was mortgaged at all times for a sum in excess of $7,625. Thereupon in their cross-complaint the defendants demanded the specific performance of the contract just mentioned. The plaintiff answered the cross-complaint and the trial was had on the issues so framed. The trial court made findings in favor of the plaintiff on all of the allegations contained in his complaint. It also found that the defendants did not perform all the conditions of the contract dated July 10, 1922, and that they were not ready, able, or willing at all times to pay the $4,500; that subsequent to the tenth day of July, 1922, and until shortly prior to the commencement of the action, the defendant F. B. Yoakum received one-half the income of said property; that the defendant F. B. Yoakum on February 20, 1924, conveyed an undivided one-half of his interest to his wife, E. A. Yoakum, and that said assignment was without any consideration; that the defendant F. B. Yoakum paid interest and taxes until December 1, 1923, and that a large portion of such payments were made out of the income from said property; that the plaintiff never refused to execute a deed; that the defendants never demanded a deed or tendered or offered to pay to plaintiff the said sum of $4,500 and were never ready, willing, and able to pay said sum; that subsequent to the tenth day of July, 1922, the plaintiff made numerous demands for payment and on the twenty-fifth day of January, 1924, the plaintiff, in writing, tendered to the defendant F. B. Yoakum a deed, together with the certificate of title made by the Title Guarantee and Trust Company showing the title to be vested in the plaintiff subject only to the mortgage to Marie Verch in the sum of $7,625, and demanded the payment of $4,500 by the defendant; that the defendant neglected and refused to pay said sum; that the plaintiff was at all times ready, willing, and able to convey; that on the twenty-third day of March, 1925, after the commencement of the trial of the action, the defendant F. B. Yoakum tendered to the plaintiff the sum of $5,200 and thereafter deposited said sum with the clerk of the court; that the defendant's failure to comply with

his agreement was inexcusable and that his delay therein was unreasonable and inexcusable.

■ The defendants assert that the mortgage note for $4,500 was not paid before the plaintiff made his tender and demand, and therefore the defendant was within his rights in not paying to the plaintiff $4,500 and in refusing to accept a deed to property that was mortgaged for more than $7,625. The point is without merit. He should have made the payment as demanded and, at the same time, seen to it that he got a deed together with a certificate showing the land not to be encumbered in any greater sum than $7,625, all as set forth in the contract. Until he did so the plaintiff was not in default and the facts were insufficient to constitute a defense for the defendants. (*Maloney* v. *Houston*, 51 Cal. App. 585 [197 Pac. 661]; *Griesemer* v. *Hammond*, 18 Cal. App. 535, 541 [123 Pac. 818]; *Mills* v. *Garner*, 85 Cal. App. 399 [259 Pac. 479]; *Lemle* v. *Barry*, 181 Cal. 6, 9 [183 Pac. 148].)

■ In the next place he asserts that time was not of the essence of the contract between the defendant and the plaintiff and, whether it was or not, by accepting installments after they fell due, the plaintiff waived the due date, December 1, 1922, and therefore before the plaintiff could make any legal demand on the defendant he was bound to reduce the indebtedness to $7,625. The point is illogical and it is a commixture of several points, all of which must be ruled against the defendants. The issues and findings present no question of waiver. (*Wienke* v. *Smith* 179 Cal. 220, 225 [176 Pac. 42].) If there was a waiver as to the date when the defendants should have made their payment, such waiver was pertinent to the time of payment, but was not pertinent as to the amount of encumbrance remaining on the property on the date the deed should have been delivered—the contract still provided the covenant on that subject. Under the terms of the contract, the defendants were not bound to accept a deed to the property subject to an encumbrance in excess of $7,625. Such was the clear wording of the contract. The plaintiff has never contended to the contrary. On the other hand, the plaintiff was not bound to deliver a deed until he was paid. The two acts were concurrent conditions. (Civ. Code, sec. 1437.) Either party, on and after December 1, 1922, could have tendered

performance and could have demanded, at the same time, performance by the other (Civ. Code, sec. 1498), provided, that if the contract date had passed and the payments were overdue, " . . . the purchaser should be notified that if such payments were not made on or before a fixed date far enough in the future to give him reasonable time and opportunity to comply with his contract, the contract will be terminated and a forfeiture will take place." (25 Cal. Jur. p. 619, sec. 119.) That notice was given and no claim is made that it was not regular in all respects.

■ According to the terms of the contract the defendants should have made their payment December 1, 1922. The defendant F. B. Yoakum testified that in conversations, before and after the contract was signed, the plaintiff told him the payment could be made upon receiving thirty days' notice. The trial court struck out that portion of the testimony. As to the conversation held before the contract was signed, it was merged in the contract. (Civ. Code, sec. 1625.) ■ As to the conversation held after the contract was signed, it could not alter the written instrument. (Civ. Code, sec. 1698.) If it be claimed that the latter constituted an executed oral agreement, it is clear that the agreement was not executed and that there was no consideration therefor. (*Benson* v. *Shotwell*, 103 Cal. 163, 167 [37 Pac. 147].)

■ The next point presented by the defendants is that the facts of this case are such that an action to quiet title was not the proper remedy. They cite *Benson* v. *Shotwell*, 87 Cal. 49 [25 Pac. 249]. That case involved a set of facts that is quite different from the instant case. It is not helpful.

■ Then the defendants assert that under the facts the plaintiff could have conveyed to them a good and sufficient title even though the plaintiff's wife did not join in the deed. The assertion may be accepted, but it leads nowhere. The position taken by the plaintiff was that no duty rested on him to convey to the defendants anything, not that he did not have the power.

■ Finally the defendants assert that forfeitures are not favored and that courts of equity will relieve parties from defaults. That is true when equitable grounds there-

for are shown. Here none is shown. Quite a different set of facts is shown. (*Miller* v. *Cox,* 96 Cal. 339, 347, 348 [31 Pac. 161].)

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.