[Civ. No. 6320. First Appellate District, Division Two.—November 14, 1928.]

A. W. ROSS, Respondent, v. P. B. GENTRY, Appellant.

Frazier McIntosh and Earle K. Backus for Appellant.

Thos. C. Ridgway, Richard F. Bailey and Ralph D. Brown for Respondent.

KOFORD, P. J.—Defendant appeals from a decree quieting plaintiff's title and foreclosing defendant's interest as vendee in three pieces of real estate. It is appellant's claim on this appeal that the provision in his contracts of purchase making time of the essence was waived by the conduct of plaintiff and that the said provision was not thereafter reinstated by a proper notice.

One contract covered a parcel known as lot number 9 and the other contract covered lots numbers 21 and 22. Adding together the provisions of the two contracts, the agreements treated as one, provide as follows: Purchase price, $17,500; initial payment on date of contract, $7,150; second payment on or before June 23, 1923, $2,350; final payment January 15, 1924, $7,000, together with seven per cent interest on deferred payments, payable quarterly; vendee agreed to pay taxes and assessments; time was made of the essence of the contract; and for failure to comply with the terms of the contract vendee should forfeit all rights and vendor be released from all obligations. Appellant, the vendee in said contracts, made the initial payment of $7,150 by receipting for that amount due him from respondent as the final payment under a grading contract performed by appellant. Appellant made no other payments on the contract, whether principal, interest, or taxes. On July 21, 1923, respondent mailed to appellant a bill for the amount of principal and interest due and unpaid on the contracts amounting at that

time to $3,712.25. On August 1, 1923, respondent wrote appellant a letter in which he stated that he called attention to the fact that payments of the principal and interest were long past due and unless the same were taken care of immediately action would be taken to cancel the contract. On October 1, 1923, another bill for principal and interest was sent by respondent to appellant amounting at that time to $3,893.38. Later in the month of October respondent met appellant's son, who was conceded to be the agent of his father, and again informed him that payments were long past due and if he wanted to protect his interests he ought "to get busy and pay them," and that he ought not to expect anyone to carry them forever. Gentry replied by exhibiting a large amount of due bills, saying that if he could get some of them paid he would pay up on the contract. Respondent replied that "he had better get busy and do it." On November 6, 1923, respondent again sent a bill for the amount of principal and interest then due which was in the same form as previous bills except that it was headed "final three day notice." These bills were supplemented with telephone calls requesting payments. The court found these facts and found that respondent at all times up to November 6 was willing to accept payment in despite of delay. This action was filed on November 23. In December, 1923, appellant tendered respondent $12,000 in full payment of the contracts, which tender was refused by respondent and the action carried forward.

It seems to be the contention of appellant that a forfeiture must be declared immediately upon default and that if this is not done the provision making time of the essence of the contract is waived. The evidence does not show that any overdue payments were accepted by respondent nor that appellant was in any manner prejudiced by the failure of respondent to declare a forfeiture or commence an action immediately upon the first breach. The most that can be said of respondent's conduct as outlined above is that he forebore and delayed in declaring a forfeiture and instituting an action. His willingness to accept overdue payments does not add anything to his frequent demands since without such willingness the demands would be sham. It cannot be denied that he consistently demanded and required payment. Lapse of time and delay do not of

themselves amount to a waiver of the provision making time of the essence of the contract, and they should amount to less if accompanied with demands for payments (*Kerns* v. *McKean,* 65 Cal. 411 [4 Pac. 404]; *Newhall Land & Farming Co.* v. *Burns,* 31 Cal. App. 549 [161 Pac. 14]; *Drips* v. *Moore,* 179 Cal. 249 [176 Pac. 159]). Cases in which such a provision of a contract has been held waived by accepting overdue payments or other benefits from the vendee are not in point with the instant case.

In the conclusions of law signed by the court it is stated that the conduct of plaintiff waived the provision of the contract making time of the essence, but that the provision had been reinstated by the notice of November 6th, and that a reasonable time had thereafter elapsed to allow appellant to make overdue payment before the action was commenced. A further conclusion of law was made that the failure of appellant to make payments after November 6th, and before commencement of the action, was a breach of the contract and that at the time the action was commenced the appellant was in default and his rights under the contract were at an end and respondent was entitled to the decree. If it was error for the court to conclude from the findings that said provisions of the contract had been waived and reinstated instead of concluding that it had never been waived, the judgment nevertheless is valid, the general conclusion of law and the decree being supported by the findings. (*McNutt* v. *City of Los Angeles,* 187 Cal. 245 [201 Pac. 592]; *Danziger* v. *Benson,* 175 Cal. 565 [166 Pac. 313]; *Davis* v. *Baugh,* 59 Cal. 576.)

Passing by the question of the sufficiency of the bill of November 6th, headed, "final three day notice," we see no lack of sufficiency in the letter of August 1 to restore the provision making time the essence of the contract if it had been waived. Appellant's only criticism of this letter is that it was not proven to have been received. It appears that the appellant, who was a witness at the trial, neither admitted nor denied having received it. But the testimony of the plaintiff established that it had been mailed to appellant properly stamped and addressed in the same manner as the bills which had been mailed and received. This evidence not being controverted, it should be taken as estab-

lished that the letter of August 1 was received by appellant. (Code Civ. Proc., secs. 1961 and 1963, subd. 24.)

Appellant filed a cross-complaint and answer seeking to have the contract reformed in such a manner that no payment should be required of him until the expiration of two years. The findings of the court were contrary to all the allegations of fact upon which this relief was sought and we do not understand the appellant as contending for any action upon the part of this court upon this branch of the case.

Appellant has made numerous references scattered through his briefs to the fact that he tendered the full amount due after suit was commenced and before trial. We do not understand him to contend that this entitled him to more favorable consideration in the decree if in fact the tender was too late and in law he was in default for failure to observe the terms of his contract. The action was one to quiet respondent's title and foreclose appellant's interest as vendee and obviously the rights of the parties depend upon the contract and its observance by them especially where time is expressly made of the essence. (*Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1, 9 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 14, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1929.

All the Justices concurred.