[L. A. No. 9910. In Bank.—February 25, 1929.]

CHARLES G. BUCKEY et al., Appellants, v. ELIZA-
BETH McGRAW et al., Respondents.

Wickliffe Matthews and Matthews & Walter for Appel-
lants.

Victor H. Koenig for Respondents.

SHENK, J.—The plaintiffs sued to quiet their title to an improved residence lot in the county of Los Angeles. By answer the defendants denied the plaintiffs' title and by cross-complaint sought to recover from the plaintiffs the sum of $950, which was the amount of the initial payment from the defendants to the plaintiffs under a contract of conditional purchase and sale of said property. The contract was dated February 16, 1925, and provided for the total payment of $5,300—$950 upon the execution of the instrument, $45 on the twenty-third day of March, 1925, and $45 on the twenty-third day of each succeeding month thereafter. The initial payment was not made in cash, but was covered by the transfer to the plaintiffs of a note in that amount secured by a trust deed on property in Arizona. The defendants took possession under the contract and the defendant, Elizabeth McGraw, resided on the premises until April 26, 1925, on which day she moved out of the house, leaving the premises entirely vacant, and delivered the key to a neighbor with the statement that she was going north to be with her son and might be back in six months and might never be back. None of the monthly payments provided by the contract was made, notwithstanding numerous demands for payment made by the plaintiffs upon the defendant Elizabeth McGraw before she vacated the premises. These demands were always met with the statement by said defendant to the effect that she did not have the money but hoped to obtain the same, either through her own resources or from her son, a nonresident of the county.

The trial court found the title of the property to be in the plaintiffs and rendered judgment accordingly. Judgment was also entered in favor of the defendants on their cross-complaint and against plaintiffs for the sum of $950. From the judgment on the cross-complaint the plaintiffs prosecute this appeal.

The agreement between the parties provided that time was the essence thereof with the usual provisions for the release of the seller and forfeiture by the buyers in the event of the buyers' failure to comply with the terms of the contract. The court found that none of the stipulated pay-

ments, except the first, had been made, but also found that the plaintiffs had waived the prompt payment of the monthly sums required to be paid and had waived the strict performance of the terms of the contract. The plaintiffs' main contention on the appeal is that the finding as to such waiver is not supported by the evidence. In this respect the record supports the contention. There was no acceptance of delayed payments by the plaintiffs and no evidence by statement or conduct on their part upon which a claim of waiver could properly be based. The entire action of the plaintiffs was a continued effort to collect the installments provided for by the contract, none of which was ever paid, and with no promise of forbearance tending to mislead the defendants to their detriment or to estop the plaintiffs from standing on the contract as written.

The plaintiffs took possession of said premises on May 9, 1925, without notice to the defendants. The court found that the defendants had not abandoned the premises and were entitled to notice of cancellation of the contract and re-entry by the plaintiffs. This finding, too, is unsupported by the evidence. There was no showing that the defendants intended to make the delinquent payments and no evidence that they intended to return to the premises after they vacated the same. Under these circumstances no notice of the termination of the contract was required. (*Schwerin Estate Realty Co.* v. *Slye*, 173 Cal. 170 [159 Pac. 420].)

The plaintiffs were required to pay an agent's commission of $250 on account of the sale, were deprived of the rental value of the property during the time of the defendants' possession under the contract and have been put to the expense of clearing the title. No good reason appears why equity should require the return to the defendants of any of the purchase money paid.

The judgment is modified by striking therefrom the provision for the recovery by the defendants from the plaintiffs of the sum of $950. As so modified the judgment is affirmed, the appellants to recover their costs on appeal.

Richards, J., Seawell, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.