[Civ. No. 3973.   Third Appellate District.—January 27, 1930.]

LOUIS F. FICKBOHM, Appellant, v. MARY A. KNAUST, Respondent.

Frank J. Lavan for Appellant.

Norman T. Mason for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment upon a cross-complaint decreeing a forfeiture and quieting title to real property for default in the payment of installments due upon the purchase price thereof.

The defendant owned only an equity in a certain Los Angeles lot which she was purchasing on contract from another person. February 15, 1924, the parties to this action executed a written contract by the terms of which the defendant agreed to sell and the plaintiff agreed to buy the lot for $3,800 to be paid for as follows: $1200 cash, which was paid upon the execution of the contract. The balance was to be paid $35 "on the 15th day of March, 1924, and the balance in monthly instalments of equal amounts at the rate of . . . $420.00 per year," together with seven per cent interest per annum on deferred payments. Time was made the essence of the contract. At the request of the plaintiff the defendant designated the branch of the Bank of Italy of Los Angeles where she was accustomed to do her banking, and authorized it to collect for her and credit to her account, the installments to be paid on this contract. Pursuant to this arrangement the following payments were made to this bank, accepted without objection and credited to the defendant's account, to wit, $50.17 on March 8, 1924; $49.97 on April 23, 1924, and $49.77 on June 3, 1924.

Before any default in payments occurred the plaintiff wrote to the defendant to ascertain what her exact interest in this lot was, claiming that his object in doing so was to pay up her entire equity, and that her failure to answer this inquiry led him to believe she was not insisting upon prompt payments of the installments. This letter was sent May 1, 1924, and read in part as follows: " . . . Will you kindly tell me what is your equity in it (the lot), and what are the payments required on your contract (with the title owner). In the near future I may be able to pay out your equity. I would appreciate hearing from you soon."

On July 18, 1924, the defendant sent the plaintiff a written notice of rescission of the contract on the ground of delayed payment of monthly installments. The following day the plaintiff tendered to the bank and to the de-

fendant the entire amount due upon the contract including the installments for June and July, together with interest, which was refused.

This action in *assumpsit* was then commenced to recover the money which had been paid on the purchase price of the land. The contract and the foregoing facts were alleged. The allegations of the complaint were controverted in the answer, except as to the execution of the contract and the payments alleged, which were admitted. A cross-complaint was also filed setting out the contract, the default in the payment of the June and July installments and the cancellation of the contract, together with the usual allegations of a complaint in a suit to quiet title. This cross-complaint was properly answered. The case was tried on the issues presented by plaintiff's theory that the prompt payment of the installments was waived by defendant's acceptance of payments which were deferred beyond the time specified by the contract, and that he should be relieved from a forfeiture of the money paid for the reason that he had tendered full compensation to the defendant and was not guilty of gross negligence in the payment of the installments. These issues were all determined against the plaintiff and the contract was declared to have been canceled and title was quieted in the defendant.

The facts of this case should appeal strongly to the conscience of a chancellor. Justice would seem to demand that the plaintiff should be relieved from what, at most, appears to have been a slight and technical default which was harmless to the defendant, beyond the brief delay in the payment of not more than two installments. There is little use in reiterating the maxim that "equity abhors forfeitures," unless the principle is enforced when the facts warrant its application.

There is a controversy over the interpretation of the contract as to whether the installments were due on the 15th of each month. The plaintiff contends that they were payable at any time during the month. The contract is open to this construction. It provides that the first $35 installment was due March 15, 1924, and that "the balance (was due) in monthly instalments at the rate of $420 per year." The first payment was made on March 8th. If the foregoing language of the contract is construed to

authorize the payment of subsequent installments at any time during the months which followed, the plaintiff was in default of only a single installment for a period of eighteen days when notice of the rescission of the contract was served on him. Full compensation for all deferred payments and interest was tendered the following day. No further damage by virtue of the delay is claimed by the defendant. In view of the unanswered letter which was sent to the defendant seeking information as to the total amount required to fully pay for her equity in the land, the legitimate question as to just when the installments were due and the slight delay in two payments at most, the plaintiff should be credited with good faith in the effort to fulfill his contract. This conduct does not amount to gross negligence. Under such circumstances, even if the defendant did not waive prompt payments by her acceptance of deferred installments, the plaintiff should be relieved from a forfeiture under the provisions of section 3275 of the Civil Code, which provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful or fraudulent breach of duty."

Regardless of the application of the foregoing equitable provision of the statute, a fair reading of the record shows that the defendant waived strict compliance with the contract with respect to the time of payments by accepting deferred installments.

██ The respondent claims the bank did not collect the installments as her agent, and that she had no personal notice of the delayed payments. We are of the opinion that the record clearly shows the bank to have been her agent. This was the institution with which she had been accustomed to bank. She designated this very bank as the place for making payments. The installments were collected by the bank for her benefit and credited to her account. While the defendant denied receiving notice of the time when these payments were actually made, an officer of the bank testified it was their custom to promptly notify customers when payments were made and credited to their

accounts. This is no more than the usual business-like custom of all banks. In spite of the fact that the defendant was exacting enough to compel the plaintiff to pay the bank's commissions for collecting the installments, we are of the opinion that the record conclusively shows that the bank acted as the agent of the defendant in these transactions. Knowledge on the part of the bank of the default in the payment of the installments was therefore notice of that fact to the defendant. Section 2332 of the Civil Code provides: "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith, and the exercise of ordinary care and diligence, to communicate to the other."

Having accepted deferred payments with implied notice of such default, the defendant could reinstate the provision of the contract requiring prompt payment, only by giving the plaintiff notice to that effect. (6 Cal. Jur. 357, sec. 214; *Boone* v. *Templeman*, 158 Cal. 297 [139 Am. St. Rep. 126, 110 Pac. 947]; *American-Hawaiian Eng. etc. Co.* v. *Butler*, 165 Cal. 497, 519 [Ann. Cas. 1916C, 44, 133 Pac. 280, 289].) In the authority last cited the court says: "The time of performance even when it is made of the essence, if it is once waived, sets the matter at large, and another date for performance can only be fixed by a definite notice, or by conduct equivalent thereto."

No such notice was ever given to the plaintiff in this case.

Title should have been quieted in the defendant in this action, subject to the equities in favor of the plaintiff.

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.