[Civ. No. 4067.   Third Appellate District.—April 24, 1930.]

L. C. THORNE, Respondent, v. JOHN A. GORDON, Appellant.

L. C. THORNE, Respondent, v. C. S. SILCOTT et al., Defendants; JOHN A. GORDON, Appellant.

Ray Howard for Appellant.

Davis & Thorne for Respondent.

TUTTLE, J., *pro tem.*—This is a consolidation of two actions to quiet title to lots 9 and 10 of Tract 6698 in the city of Monrovia. Each action involved one of said lots.

The complaints are in the usual form of such an action. The answers deny the allegations of the complaint. As a further defense, defendants in each case set forth a contract of purchase covering said realty. They allege that on the day following the execution of said contract, their vendor entered upon said realty, without their consent, and removed a house of the value of five hundred dollars and three trees of the value of one hundred dollars. They state that they stand ready to make full payment of the balance due under said contracts and to fully perform the same, but pray that the court adjust the value of said house and trees, in arriving at the said balance. There is also a prayer for general relief. The pleadings in each case are practically identical.

The trial court found that the defendants had no right, title or interest in said property, and judgments were entered accordingly.

At the trial the court excluded all evidence bearing upon the second defense referred to above, and upon this ruling error is predicated.

Plaintiff introduced in evidence the deed to said property from the vendor of defendants. The contracts of purchase were then admitted in evidence. Then followed evidence of the failure of defendants to make the payments due under said contract.

The evidence of plaintiff showed and defendants admitted that on one contract no monthly payments whatever had been made, while on the other only two had been made. In other words, for some three years prior to the filing of the complaint, no attempt had been made by defendants to comply with the terms of said contract of purchase. By the terms of said contracts time is made of the essence of the same.

Appellants take the position that when said house and trees were removed (which they offered to prove) and until they were given credit on the purchase price for damages

thus inflicted, they were no longer under obligation to further perform said contracts.

Throughout the trial and on the pleadings, appellants consistently maintain the position that the contract is still in full force and effect. They do not set up a repudiation. It also appears that sometime prior to the commencement of this action, one of appellants filed an action to recover damages from his vendor, based upon the removal of the house and trees. No judgment had been entered therein. The present action is brought by a grantee of the vendor of defendants.

By the terms of the contract, time of payment is made of the essence thereof, and failure to make said payments when they become due worked a forfeiture, and the effect was to nullify the agreement, and the vendor was thereafter entitled to act as if the contract no longer existed. (*Northern Assur. Co.* v. *Stout,* 16 Cal. App. 548 [117 Pac. 617].)

The removal of said improvements did not, *ipso facto,* affect the validity of the contract, and hence could not excuse performance upon the part of the vendees. If a rescission were involved an entirely different question would be presented. Defendants have their remedy of a personal action for damages against their vendor, and this they apparently pursued, without in any manner assailing the validity of the agreement.

And so when plaintiff here proved that defendants had failed to make the installment payments as we have indicated, the contract was at an end, and defendants could no longer assert any rights based upon the same. The only purpose appellants had in mind and the only relief they asked was to be permitted to carry out their contract and to receive credit for any damages which might be awarded them.

We are of the opinion that the learned trial judge was correct in refusing to admit evidence of damage done by the vendor, for the sole purpose of permitting defendants to carry out the contract and receiving credit on the purchase price for the amount of said claim.

Judgments affirmed.

Plummer, J., and Finch, P. J., concurred.