[Civ. No. 13320.  First Dist., Div. Two.  July 11, 1947.]

DORA M. BURCH BEDELL, Appellant, v. TANYA
BARBER et al., Respondents.

A. Q. Lomba and Fred B. Hart for Appellant.

James R. Agee and Kennedy Jackson for Respondents.

NOURSE, P. J.—Plaintiff sued to forfeit a contract of sale
of real property and for restitution of the premises.  The
trial court found equitable reasons to relieve defendant of
her default and entered a judgment decreeing that she should
pay the balance due within 15 days upon tender of deed by
plaintiff, otherwise defendant should stand foreclosed of any
right or interest in the property.  The plaintiff appealed from
the judgment and the record does not disclose whether the
deed was tendered by her or the money was tendered by de-
fendant.  If both tenders were made and accepted, or if the
deed was tendered and payment was not made within the

time fixed in the judgment, the appeal merely presents a moot case. If the plaintiff failed to tender a deed within the time fixed in the judgment the rights of the defendant to continue in possession and complete the sale were not stayed by the appeal. Thus the appeal presents the single question whether a vendee may be relieved from default in payments because of the equities of the particular case.

The trial court found that defendant was in default on numerous occasions in respect to her obligations under the contract; that, of the total purchase price of $22,500 plaintiff had been paid $8,700 in addition to attorney's fees amounting to $530; that plaintiff's attorney also acted as attorney for defendant for the purpose of making payments subsequent to these defaults; that he advised defendant that plaintiff desired payments and did not want to reclaim the property; that defendant thereafter tendered payment of all sums due but that plaintiff refused the payment and executed an option to sell the property to a third person. These findings are not attacked and further recital of the facts would serve no purpose.

The principle upon which the case rests is stated in Pomeroy's Equity Jurisprudence, section 433: ''Wherever a penalty or a forfeiture is used merely to secure the payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment, or performance, or enjoyment to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead thereof, proportionate to the damages actually resulting from the non-payment, or non-performance, or non-enjoyment, according to the stipulations of the agreement. The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured.''

The statement quoted has been universally accepted. (19 Am.Jur., p. 99; 30 C.J.S., p. 392; 12 Cal.Jur., p. 639; 25 Cal.Jur. 623.)

Appellant relies on *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199], which is the leading case on the rights of a vendor on a vendee's default. But that case recognizes the exception which is applicable here. See *Ebbert* v. *Mercantile Trust Co.*, 213 Cal. 496, 500 [2 P.2d 776]. The authority which is con-

trolling under circumstances similar to those found here is *McDonald* v. *Kingsbury*, 16 Cal.App. 244, 247 [116 P. 380], from which we quote: ''Section 3275 of the Civil Code provides: 'Whenever, by the terms of an obligation thereto, a party incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.' The assurances and representations of Broderson, of which plaintiff had knowledge, could only have the effect to lull defendant into a sense of security and induce the belief that payments made after strict default would be received as though made in time. Plaintiff relies upon the doctrine of *Glock* v. *Howard etc. Co.*, 123 Cal. 15 [69 Am.St.Rep. 17, 55 P. 713, 43 L.R.A. 199], and cases therein cited and discussed as establishing plaintiff's right to claim a demand and forfeiture. We do not regard such cases as undertaking to construe the section of the code above quoted, nor to determine rights thereunder. *Glock* v. *Howard* is a learned and exhaustive discussion and determination of the rights of the parties who stand upon and whose rights are dependent alone upon the terms of a written contract. Here the rights are dependent upon the contract and modifications thereof and the effect which should be given the acts of plaintiff as to waiver of terms and conditions expressed, as well as matters involving an estoppel to claim under the strict letter of the agreement. We are of opinion that this case clearly comes within the class contemplated by the section above referred to, and that under such section the court possessed the right from the facts found to relieve from the forfeiture.''

Since on the merits the judgment must be affirmed it would serve no purpose to discuss appellant's criticism of the procedure and the pleadings on which the trial was conducted. No objection was made in the trial court and plaintiff suffered no harm which could be called reversible error.

Judgment affirmed.

Goodell, J., and Dooling J., concurred.

A petition for a rehearing was denied August 9, 1947, and appellant's petition for a hearing by the Supreme Court was denied September 8, 1947.