TRAYNOR, J.
Defendants have appealed from a judgment quieting plaintiff’s title to a parcel of real property. In 1941, plaintiff and defendants executed a contract whereby defendants agreed to purchase plaintiff’s house and lot in Oakland. Seven hundred dollars was paid down and the balance of $5,450 with 6 per cent interest was to be paid at the rate of $42.50 per month. The contract provided that payments were to be made on the fifteenth day of each month and that “If Default should be made in the payment of any of the said sums of principal, interest or installments at maturity thereof, all moneys theretofore paid in the premises by said parties of the second part shall, at the option of said party of the first part, become absolutely forfeited to and be retained by said party of the first part, as and for liquidated and agreed damages for breach of this agreement; and this agreement shall then become and be absolutely void and of no effect. ... It Being Expressly Agreed that time is the essence of this contract. ...” Defendants went into possession and made 57 monthly payments up to and including the payment due May 15, 1946. They also made permanent improvements on the property of the value of $3,114.47. The checks sent to plaintiff for the June and August payments were returned by the bank marked “Refer to Maker.” The July check was honored. On August 26, 1946, plaintiff notified defendants that he had elected to declare a forfeiture of their interest under the contract for the defaults in the June and August payments. Plaintiff was not aware that the June check had been dishonored when he accepted the July payment, and defendants were not aware that either check had been dishonored until they received plaintiff’s *118 notice of forfeiture. After the notice of forfeiture was received, defendants immediately tendered certified checks for the amounts due, but plaintiff refused to accept them. Defendants then opened an account under the provisions of section 1500 of the Civil Code and have deposited to plaintiff’s credit all amounts that have become due under the contract.
Defendants contend that the retention of the July payment by plaintiff amounted to a waiver of the provisions making time of the essence and providing for a forfeiture in case of default, and that regardless of whether there was any waiver, the trial court should have relieved them from default under the provisions of section 3275 of the Civil Code. Since it is clear that defendants are entitled to relief under section 3275, it is unnecessary to decide whether there was a waiver of the defaults in making either the June or August payments.
Section 3275 provides: “Whenever, by the terms of an obligation, a party thereto. incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in ease of a grossly negligent, willful, or fradulent breach of duty.” Although by its terms this section authorizes relief in this case, plaintiff contends that it is the settled law of this state that such relief is unavailable to a defaulting vendee under a contract where time has been made of the essence.
■ The decisions that have considered section 3275, however, have been careful to point out in granting or denying relief that the party in default has or has not brought himself within the terms of the statute, and whenever its conditions have been satisfied relief has been granted whether or not time had been made of the essence by the contract involved. (Gonzalez v. Hirose, 33 Cal.2d 213, 215-216 [200 P.2d 793]; Leslie v. Federal Finance Co., Inc., 14 Cal.2d 73, 82 [92 P.2d 906]; Henck v. Lake Hemet Water Co., 9 Cal.2d 136, 143-145 [69 P.2d 849]; Hopkins v. Woodward, 216 Cal. 619, 621-622 [15 P.2d 499]; Ebbert v. Mercantile Trust Co., 213 Cal. 496, 499-500 [2 P.2d 776]; Breitman v. Gattman, 88 Cal.App.2d 124, 128 [198 P.2d 311]; Gattian v. Coleman, 86 Cal.App.2d 266, 270 [194 P.2d 728]; Flanery v. Mudd, 86 Cal.App.2d 250, 254-255 [194 P.2d 806]; Bedell v. Barber, 80 Cal.App.2d 806, 807-808 [182 P.2d 591]; Miller v. Modern Motor Co., 107 Cal.App. 38, 44-45 [290 P. 122]; Fickbohm v. Knaust, 103 Cal.App. 443, 446 [284 P. 692]; Knight v. Black, 19 Cal. *119 App. 518, 526 [126 P. 512]; McDonald v. Kingsbury, 16 Cal.App. 244, 247-248 [116 P. 380]; see O’Morrow v. Borad, 27 Cal.2d 794, 800-801 [167 P.2d 483]; Clifford v. Fleshman, 65 Cal.App. 762, 770 [225 P. 45]; Troughton v. Eakle, 58 Cal.App. 161, 173 [208 P. 161]; Leak v. Colburn, 55 Cal.App. 784, 788 [204 P. 249].) Plaintiff contends, however, that in cases where relief has been granted although time was made of the essence, there had either been a waiver of the time provision or an estoppel against the vendor to assert it. (See Gonzalez v. Hirose, 33 Cal.2d 213, 216 [200 P.2d 793]; Flanery v. Mudd, 86 Cal.App.2d 250, 254 [194 P.2d 806]; Bedell v. Barber, 80 Cal.App.2d 806, 807 [182 P.2d 591]; Miller v. Modern Motor Co., 107 Cal.App. 38, 44 [290 P. 122]; Fickbohm v. Knaust, 103 Cal.App. 443, 446 [284 P. 692]; Collins v. Eksoozian, 61 Cal.App. 184, 197 [214 P. 670]; McDonald v. Kingsbury, 16 Cal.App. 244, 248 [116 P. 380].) It is settled, however, that if waiver or estoppel is found, resort to relief under section 3275 is not necessary. (McCartney v. Campbell, 216 Cal. 715, 720 [16 P.2d 729]; Laffoon v. Collins, 212 Cal. 750, 755 [300 P. 808]; Butte Creek Consol. D. Co. v. Olney, 173 Cal. 697, 708 [161 P. 260]; City of Los Angeles v. Krutz, 170 Cal. 344, 347 [149 P. 580]; Stevinson v. Joy, 164 Cal. 279, 285 [128 P. 751]; Hayt v. Bentel, 164 Cal. 680, 685 [130 P. 432]; Boone v. Templeman, 158 Cal. 290, 295, 297 [110 P. 947, 139 Am.St.Rep. 126]; Leballister v. Morris, 59 Cal.App. 699, 702-703 [211 P. 851].) Accordingly, the waiver or estoppel found in those eases that also relied on section 3275 must be considered as an alternate ground of decision rather than a condition to relief under that section, and some of those cases have expressly so held. (Miller v. Modern Motor Co., 107 Cal.App. 38, 45 [290 P. 122]; Fickbohm v. Knaust, 103 Cal.App. 443, 446 [284 P. 692]; see, also, O’Morrow v. Borad, 27 Cal.2d 794, 800 [167 P.2d 483]; Leslie v. Federal Finance Co., Inc., 14 Cal.2d 73, 80 [92 P.2d 906]; Breitman v. Gattman, 88 Cal.App.2d 124, 129 [198 P.2d 311]; Gattian v. Coleman, 86 Cal.App.2d 266, 270 [194 P.2d 728].)
It is contended, however, that such an interpretation of the cases granting relief under section 3275 is not permissible in view of the rule laid down in Glock v. Howard & Wilson Colony Co., 123 Cal. 1 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199], and the statement in Henck v. Lake Hemet Water Co., 9 Cal.2d 136 [69 P.2d 849], that “The provisions *120 of section 3275 are necessarily qualified by the language of section 1492, so that generally in a case where time is, made the essence of the agreement a party may not obtain relief under that section.” (9 Cal.2d at 143.) Neither of these cases is controlling here. In the Gloek case the vendee, after being in default for over three years, tendered the balance of the contract price and demanded a deed. The vendor rejected the tender and refused to convey. The vendee then sought-to rescind the contract and recover back the total amount that he had paid. The court held that where time was of the essence the vendee could not by a late tender put the vendor in default so as to found a cause of action for rescission and restitution. The court recognized, however, that under certain circumstances a default, even when time was of the essence, could be relieved against but noted that in the case before it no excuse was “even attempted to be made.” Section 3275 presupposes that the party seeking relief is in default, and in order to secure relief under its terms it. is • necessary for him to plead and prove facts that will justify its application. (Patten v. Pepper Hotel Co., 153 Cal. 460, 471 [96 P. 296]; Palo & Dodini v. City of Oakland, 79 Cal.App.2d 739, 749 [180 P.2d 764]; Taylor v. United States F. & G. Co., 86 Cal.App. 382, 390 [260 P. 898]; Clifford v. Fleshman, 65 Cal.App. 762, 769 [225 P. 45]; Troughton v. Eakle, 58 Cal.App. 161, 173 [208 P. 161].) It has therefore consistently been held in the absence of proof of such facts, that tinee his default is established the vendee cannot recover back the part payments he has made. (Glock v. Howard & Wilson Colony Co., 123 Cal. 1, 11 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199]; Hoppin v. Munsey, 185 Cal. 678, 686-687 [198 P. 398]; Landfield v. Cohen, 89 Cal.App.2d 177, 180 [200 P.2d 149]; Wilson v. Security-First Nat. Bank, 84 Cal.App.2d 427, 430 [190 P.2d 975]; Poheim v. Meyers, 9 Cal.App. 31, 37 [98 P. 65].) Similarly, although a quiet title action is equitable in nature (Gonzalez v. Hirose, 33 Cal.2d 213, 216 [200 P.2d 793]; O’Brien v. O’Brien, 197 Cal. 577, 584-585 [241 P. 861]; Ohanian v. Kazarian, 123 CaLApp. 196, 202 [11 P.2d 42]), and equity cannot “enforce a penalty or forfeiture in any case” (Civ. Code, § 3369; Leslie v. Federal Finance Co., Inc., 14 Cal.2d 73, 79 [92 P.2d 906]; Ebbert v. Mercantile Trust Co., 213 Cal. 496, 499-500 [2 P.2d 776]; Plante v. Gray, 68 Cal.App.2d 582, 589 [157 P.2d 421]; see 20 Cal.L.Rev. 194), it is generally held in the absence of a showing that the vendor _ will realize more than the benefit *121 of his bargain that he may quiet his title to the property without refunding any part of the price paid. (Myers v. Williams, 173 Cal. 301, 304 [159 P. 982]; Schwerin Estate Realty Co. v. Slye, 173 Cal. 170, 172-173 [159 P. 420]; Ross v. Gentry, 94 Cal.App. 742, 746 [271 P. 1098]; Darter v. Schuyler, 47 Cal.App. 457, 460 [190 P. 827].)
The facts in the Clock case and similar cases suggest that the reason no attempt was made to rely upon section 3275 was that the defaulting vendee could not qualify for relief under that section and that therefore his only hope of recovering any of the money he had paid or keeping the contract alive was in proving that it was the vendor who was in default. In many cases the amount forfeited was a small fraction of the total price and there was no indication that it exceeded in amount the damage caused the vendor by the vendee’s breach. (Tuso v. Green, 194 Cal. 574 [229 P. 327]; Hoppin v. Munsey, 185 Cal. 678 [198 P. 398]; Landfield v. Cohen, 89 Cal.App.2d 177 [200 P.2d 149]; Keelan v. Belmont Co., 73 Cal.App.2d 6 [165 P.2d 930] ; Kelso v. Ulrich, 67 Cal.App.2d 698 [155 P.2d 407]; Poheim v. Meyers, 9 Cal.App. 31 [98 P. 65].) On the other hand, when relief has been sought and denied under section 3275 the courts have frequently pointed out that the damages sustained by the vendor were no less in amount than the vendee had already paid (Buckey v. McGraw, 206 Cal. 541, 543 [275 P. 221]; Sawyer v. Sterling Realty Co., 41 Cal.App.2d 715, 725 [107 P.2d 449]; see, also, Weatherlee v. Sinn, 73 Cal.App. 98, 104 [238 P. 134] ), or that the nature of the condition that was breached was such that it was impossible to compute the actual damages involved. (Parsons v. Smilie, 97 Cal. 647, 654, 656 [32 P. 702]; Palo & Dodini v. City of Oakland, 79 Cal.App.2d 739, 750 [180 P.2d 764].) In other cases the vendee has been unable to continue with performance of the contract, and although such inability prevents his default from being wilful (Ebbert v. Mercantile Trust Co., 213 Cal. 496, 500 [2 P.2d 776]; see Rest., Contracts, § 357, com. e), it also defeats his right to have the contract kept in force, since he is unable to make full compensation for the default. (Neher v. Kauffman, 197 Cal. 674, 684 [242 P. 713]; Grimes v. Steele, 56 Cal.App.2d 786, 789-790 [133 P.2d 874]; Deevy v. Lewis, 54 Cal.App.2d 24, 28 [128 P.2d 577]; Christin v. Story, 119 Cal.App. 326, 333-334 [6 P.2d 301].)
A vendee in default who is seeking to keep the contract *122 alive, however, is in a better position to secure relief than one who is seeking to recover back the excess of what he has paid over the amount necessary to give the vendor the benefit of his bargain after performance under the contract has terminated. In the latter situation it may be so difficult to compute the vendor’s damages that the vendee will be unable to prove that the vendor will be unjustly enriched by allowing him to keep all the money that has been paid. (See Glock v. Howard & Wilson Colony Co., 123 Cal. 1, 7-8 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199]; 3 Williston on Contracts [rev. ed.] § 791, p. 2230; Corbin, The Right of a Defaulting Vendee to the Restitution of Installments Paid, 40 Yale L.J. 1013, 1026.) On the other hand, when the default has not been serious and the vendee is willing and able to continue with his performance of the contract, the vendor suffers no damage by allowing the vendee to do so. In this situation, if there has been substantial part performance or if the vendee has made substantial improvements in reliance on his contract, permitting the vendor to terminate the vendee’s rights under the contract and keep the installments that have been paid can result only in the harshest sort of forfeitures. Accordingly, relief will be granted whether or not time has been made of the essence. (Gonzalez v. Hirose, 33 Cal.2d 213, 215-216 [200 P.2d 793]; Leslie v. Federal Finance Co., Inc., 14 Cal.2d 73, 80-81 [92 P.2d 906]; Hopkins v. Woodward, 216 Cal. 619, 622 [15 P.2d 499]; Elbert v. Mercantile Trust Co., 213 Cal. 496, 499-500 [2 P.2d 776]; Breitman v. Gattman, 88 Cal.App.2d 124, 127-128 [198 P.2d 311]; Gattian v. Coleman, 86 Cal.App.2d 266, 269 [194 P.2d 728]; Bedell v. Barber, 80 Cal.App.2d 806, 807 [182 P.2d 591]; Miller v. Modern Motor Co., 107 Cal.App. 38, 44-45 [290 P. 122]; Collins v. Eksoozian, 61 Cal.App. 184, 198 [214 P. 670]; McDonald v. Kingsbury, 16 Cal.App. 244, 246-247 [116 P. 380]; see 3 Williston on Contracts [rev. ed.] § 791, p. 2229; Rest., Contracts, § 374, illus. 5-6.)
In Henck v. Lake Hemet Water Co., 9 Cal.2d 136 [69 P.2d 849], the only forfeiture that was involved was a loss of the benefit of the bargain, and the situation was therefore analogous to that where the contract is still wholly executory and no substantial expenditures have been made in reliance on it. It is settled that in such situations relief from default cannot be granted, when time has been made of the essence of the contract and there has been no waiver of or estoppel to assert the time provision. (Martin v. Morgan, 87 Cal. 203, *123 208-209 [25 P. 350, 22 Am.St.Rep. 240]; Grey v. Tubbs, 43 Cal. 359, 364; Pitt v. Mallalieu, 85 Cal.App.2d 77, 80-81 [192 P.2d 24]; Thorne v. Gordon, 105 Cal.App. 369, 371 [287 P. 542]; Urban v. Yoakum, 89 Cal.App. 202, 204, 208-209 [264 P. 493]; Civ. Code, § 1492; see 3 Williston on Contracts [rev. ed.] § 852, p. 2388; Rest., Contracts, § 374, illus. 1-2.) Since in the present case there has been substantial part performance of the contract and defendants have properly raised the question of their right to relief under section 3275, there is nothing in either the Clock or the Henck cases that prevents the granting of relief for the breach of the provision requiring that payments be made strictly on time.
Plaintiff contends, however, that relief must be denied because of the finding of the trial court “That defendants’ failure to meet said obligation by issuing checks drawn upon a Bank in which he had not sufficient funds was grossly negligent and a wilful breach of duty.” The evidence does not sustain this finding. Both defendants testified that they did not know the checks had been dishonored until they received plaintiff’s notice of forfeiture and that they both believed they had sufficient funds in the bank to cover them. At most the overdrafts appear to have been the result of an error in computation coupled with delays in making the usual deposits caused by defendant husband’s illness. Plaintiff contends, however, that the finding of a wilful default must be sustained because defendant husband voluntarily failed to make inquiry when the June cheek was not returned marked “paid” with his June bank statement, particularly when that statement contained a charge for one unidentified overdraft. The issue is not, however, whether defendants voluntarily failed to investigate whether the June check had been honored but whether they wilfully or as a result of gross negligence breached their contract. (Parsons v. Smilie, 97 Cal. 647, 655 [32 P. 702].) That defendants in good faith believed they had sufficient funds to cover the checks prevents their breach from being wilful, and their failure fully to investigate the implications of their June bank statement at most amounts to simple negligence. It does not evidence that “entire want of care which would raise a presumption of the conscious indifference to consequences” necessary to constitute gross negligence. (Bedington v. Pacific P. T. C. Co., 107 Cal. 317, 324 [40 P. 432, 48 Am.St.Rep. 132]; Coit v. Western Union Tel. Co., 130 Cal. 657, 664 [63 P. 83, 80 Am.St.Rep. 153, 53 *124 L.R.A. 678]; Krause v. Rarity, 210 Cal. 644, 655 [293 P. 62, 77 A.L.R. 1327].)
The judgment is reversed.
Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.