[Civ. No. 11671.   First Dist., Div. Two.—May 27, 1941.]

HACIENDA HOMES, INC. (a Corporation), Respondent,
v. J. LYDELL PECK, Appellant.

G. Raymond Dougherty, Elizabeth M. Maxwell, Phil Garvey and James F. Peck for Appellant.

Brobeck, Phleger & Harrison and M. B. Plant for Respondent.

NOURSE, P. J.—Defendant appeals from a judgment in favor of plaintiff in an action to quiet title to real property.

On July 1, 1925, plaintiff who owned a large subdivision of property entered into a written contract for the sale of a parcel of the property to defendant for $7,253.67; the contract acknowledged receipt of a $5,000 down payment which was made by defendant's release of a claim for a legal fee; the contract provided for payment of the balance in monthly installments of $75 plus interest, and for the payment by defendant of certain road assessments and taxes; the contract contained a forfeiture clause and a clause making time of the essence. On the same day plaintiff executed a mortgage on the entire property to Anglo-California Trust Company to secure the payment of bonds in the amount of $650,000, but expressly protecting the rights of defendant in the lot covered by his contract. On November 27, 1926, plaintiff executed as grantor a deed of grant, bargain and sale to Mercantile Trust Company, now known as American Trust Company. Contemporaneously with the execution of the deed the parties executed an agreement stipulating that the transaction was a mortgage, and also protecting defendant's interest in the particular lot. Defendant never took possession of the property and paid none of the balance of the purchase price except $8.02 on May 24, 1928; he paid no road assessments or taxes after March, 1929, and paid the interest only until November 30, 1930. Plaintiff and American Trust Company wrote many letters to defendant requesting payment but defendant failed to respond except to suggest that he be allowed to trade his equity for a lot which would be fully paid up. He was advised to take up that question with an officer of the trust company but failed to do so. A conference between the parties on April 3, 1934, brought no offer by defendant to pay,

and a letter written by plaintiff's attorney on April 18, 1934, brought no response. On May 16, 1934, American Trust Company notified defendant that unless he performed his contract by June 16, 1934, his rights thereunder would be forfeited. Defendant made no reply and on August 17, 1934, plaintiff commenced the instant action to quiet title. Defendant filed his original answer, counterclaim and cross-complaint in December, 1934, alleging that plaintiff breached the contract by encumbering the property. On December 31, 1936, defendant filed an amended answer, counterclaim and cross-complaint alleging that plaintiff induced him to enter into the contract by fraudulently misrepresenting its intentions because it intended to encumber the property without protecting defendant, and that plaintiff twice encumbered the property without protecting defendant; hence defendant sought to rescind the contract and recover the $5,000 down payment. Plaintiff and cross-defendant answered that the vendee's rights were protected in the encumbrances, and that the cross-complaint was barred by the statute of limitations. During the trial of the case upon stipulation of counsel defendant's amended answer, cross-complaint and counterclaim was amended to allege that plaintiff never tendered a deed to defendant. The trial court found that plaintiff owned the property, that defendant had no interest therein, that defendant's rights were protected in the encumbrances, that there was no fraud, and that defendant's cross-complaint was barred by the statute of limitations. The judgment quieted plaintiff's title and denied a recovery to defendant; defendant's motion for a new trial was denied and he appeals upon a bill of exceptions.

■ Appellant contends that as the property had been conveyed to American Trust Company, respondent was not the real party in interest and could not maintain this quiet title action. Plaintiff does not direct our attention to any of the evidence on this subject matter, but a reference to the respondent's exhibits 3 and 4 discloses that the parties executed a contemporaneous agreement stipulating that the deed was delivered to the trust company to secure a loan and that a reconveyance was made to respondent. Though the date of this reconveyance does not appear we must assume that it was complete and within time for all purposes of the judg-

ment, and thus an answer to the claim that respondent was not the owner of the property or of the contract of sale. It is too late now for appellant to argue that the finding and the evidence were not within the issues of the pleading. Respondent was in court to prove its title against all attacks and against all adverse claims. The evidence was admitted without objection, and fully supports the finding.

There is no merit in appellant's contention that the continued efforts of respondent to collect the installments and forbearance to declare a forfeiture constituted a waiver of the forfeiture clause of the contract. (*Buckey* v. *McGraw*, 206 Cal. 541 [275 Pac. 221].) The same authority is an answer to appellant's contention that the notice of forfeiture was insufficient because signed by respondent's agent. There being no evidence that appellant intended to comply with the terms of the contract no notice of forfeiture was necessary.

In his special defense and cross-complaint appellant tendered the issue of fraud because of the conveyance to the trust company. The evidence disclosed that this transaction was the usual one made under similar circumstances and that appellant's interests were fully protected. The only evidence in the record supports the finding that there was no fraud.

The trial court found that respondent's failure to tender a deed was excused because such a tender would have been futile. We have recited sufficient evidence in the statement of facts to support the finding. There was no evidence to the contrary.

It is not necessary to discuss the question whether appellant's cross-complaint for a rescission of the contract and a return of the portion of the purchase price paid is barred by the statute of limitations. The cause of action there pleaded was founded upon the alleged fraud and rescission, neither of which was supported by any competent evidence.

All the points raised by counsel for appellant are highly technical and all have frequently been decided adversely. The contract was drawn in the usual form of an agreement of sale of real property. The rights of the vendee were fully protected, and he has not shown any act of the vendor which was contrary to the express terms of the contract, or which in any manner prevented him from complying with its terms. Time was expressly made the essence of the contract,

which also provided that "If any of the promises herein to be performed by the buyer remain unperformed after performance shall be required under the terms hereof . . . then, at the option of the seller, the seller shall be released from all obligation in law or equity to perform any of the covenants in this contract required by him to be performed, and the buyer shall thereupon forfeit all rights under this contract and all rights to any and all moneys theretofore paid." Here the default of the appellant is conceded. The only excuse offered is the alleged fraud, of which there was not the slightest evidence. The right of the vendor under such circumstances to have its title quieted cannot be denied. Such action "amounted to no more than the calling of the defaulting vendees into court to show why it should not be decreed that under the terms of the contract all their rights thereunder were at an end. In the absence of some sufficient equitable showing to excuse their failure to comply with the terms of the contract, plaintiffs, while standing on their contract, were entitled to such a decree, so as to cut off the possibility of any future claim by the vendee to equitable relief, which might embarrass or cloud his title. (*Glock* v. *Howard* [*& Wilson C. Co.*], 123 Cal. [1] 10, 11 [69 Am. St. Rep. 17 [43 L. R. A. 199] 55 Pac. 713].)" (*Oursler* v. *Thacher*, 152 Cal. 739, 745 [93 Pac. 1007]; 25 Cal. Jur., p. 705.)

The case presented is the simple one of a failure to abide by the plain terms of a written contract. Appellant knowingly and willingly, after repeated notice and demands, voluntarily relinquished all his rights under the contract. All the equities support the judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1941. Carter, J., voted for a hearing. Gibson, C. J., and Spence, J., *pro tem.*, did not participate therein.