[No. 12741. In Bank.— April 19, 1889.]

## S. B. GREENLEAF, RESPONDENT, v. STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS, APPELLANT.

MEASURE OF DAMAGES — BREACH OF WARRANTY OF FITNESS OF HARVESTING MACHINE — LIQUIDATED DAMAGES. — The damage resulting from the breach of a warranty of the fitness of a harvesting machine to do certain work is not impracticable or extremely difficult to fix, and consequently, under section 1670 of the Civil Code, an agreement for liquidated damages in the event of such breach is void.

ID. — ACTION FOR BREACH — EXPERT TESTIMONY AS TO FITNESS. — In an action for the breach of a warranty of a harvesting machine to do certain work, a practical machinist, who is familiar with the requirements of similar machines, and the principles applied in their construction, is competent as an expert to testify as to the general design of the machine in question, and whether it was so made as to successfully do the work for which it was intended.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. L. Dudley, George A. Blanchard,* and *Joseph H. Budd,* for Appellant.

The damages resulting from the breach of warranty were uncertain in their nature, and were liquidated in

the contract.    (1 Sutherland on Damages, 476, 492, 504, 505; *Betts* v. *Bunch*, 4 Hurl. & N. 506; *Mundy* v. *Culver*, 18 Barb. 336; Civ. Code, sec. 1671.)   The witness Perkins was not qualified as an expert, as it was not shown that he had any practical knowledge or skill as to what was requisite in a combined harvester for harvesting grain.   (*Reed* v. *Drais*, 67 Cal. 492; Rogers on Expert Testimony, sec. 154.)

*Jackson Hatch*, and *H. M. Albery*, for Respondent.

The damages were not liquidated.   (*Muldoon* v. *Lynch*, 66 Cal. 540; *Ayres* v. *Pease*, 12 Wend. 393; 2 Greenl. Ev., sec. 259; Civ. Code, secs. 1670, 1671, 3313, 3314.) The facts to which the witness Perkins testified were matters of skill, and were properly the subject of expert testimony.   (*Swartout* v. *N. Y. etc. R. R. Co.*, 7 Hun, 571; *Curtis* v. *Gano*, 26 N. Y. 426; *Chandler* v. *Thompson*, 30 Fed. Rep. 39.)

Belcher, C. C.—This is an action to recover damages for breach of warranty of a harvesting machine, and the appeal is taken by defendant from the judgment and an order denying a new trial.

In 1884 the defendant was engaged at Stockton in manufacturing and selling a harvesting machine, known as the Shippee combined harvester.   The plaintiff, a farmer in Colusa County, purchased and used during that year one of these machines.   In 1885 the defendant continued to manufacture the same machine, but with certain improvements.   In May, 1885, the parties entered into a written agreement for an exchange of machines. The agreement stated that the party of the first part "agrees to deliver to said party of the second part, at their works, on or before June 3d, one twelve-foot Shippee combined harvester No. 23, as improved for 1885, and warrants the same to do good work when properly handled, and to furnish a man to help set up and start the

machine, in consideration of which said party of the second party agrees to deliver to said party of the first part, on or before June 15, 1885, one No. 1, twelve-foot Shippee combined harvester, purchased last year, and to pay to said party $423 in gold coin, on October 1, 1885; $423, with interest from maturity at the rate of one per cent per month until paid. It is further agreed that if the harvester should not do good work, that the party of the second part shall so inform the party of the first part, and if said party fail to make the harvester do good work within a reasonable length of time, it is hereby mutually agreed that the party of the second part is not to pay any money in consideration for the exchange."

The new harvester arrived at plaintiff's farm, and was set up and started in the field by an employee of defendant on the 5th of June, but it choked up and would not do good work. Subsequently, at different times, defendant sent three other employees, one of them being the foreman of its works, to adjust and rearrange certain defective parts of the machine, so as to make it do good work if possible. The plaintiff continued to use, or try to use, the harvester until the 18th of July, when he sent it back to the defendant at Stockton. As explanatory of his reasons for sending it back, plaintiff wrote to defendant, under date of July 22d, as follows:—

"Inclosed find shipping receipt for one of your machines, No. '23,' which I shipped to-day to you. The gearing is not right, nor never was; it heats, binds, and cuts all the time, and as Mr. Southworth said he could not fit it unless it was at the shop, I ship early so you can have your own time to fix it; the header draper would clog occasionally, and also the feeder; the passage for the straw to the cylinder is too narrow, and don't allow the feed to pass; the drop is too flat, it allows it to move off in bunches and clog. The distance from the grain drag to the sieve is too short, and don't allow the grain to separate from the chaff; the fan don't give wind

enough; the steering rig is much out of line, requires too much steering; is hard on man and beast. Had to get another machine to help finish our harvest."

A correspondence in reference to the matter was then kept up between the parties for about a year, when this action was brought and damages asked in the sum of $2,748.85. The verdict on which judgment was entered was for $1,428.

It is contended for appellant that the damages which respondent could claim in case the new harvester should fail to do good work when properly handled were liquidated and fixed by the contract of exchange at $423, and that evidence of the damages actually sustained in consequence of a breach of the warranty was therefore inadmissible.

It will be observed that the language of the contract in this respect is not very clear or explicit. The contract does not call the $423 "liquidated damages," or say that it shall be treated as the measure of damages, but only that that sum is to be paid for the exchange, and that if the harvester does not do good work, and if appellant on being so informed does not make it do good work within a reasonable time, then the money referred to is not to be paid.

Did the parties intend by this provision of the contract to liquidate the damages, or to fix a penalty to be paid in case of a breach of the warranty? We do not think it necessary to answer the question, for the reason that, in any event, the following sections of the Civil Code seem to be controlling in the matter: —

"Sec. 1670. Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

"Sec. 1671. The parties to a contract may agree therein upon an amount which shall be presumed to be

the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable, or extremely difficult, to fix the actual damage.",

The rule as to the measure of damages in cases of this kind is declared in sections 3313 and 3314 of the same code, and under that rule we are unable to see that it was impracticable or difficult to fix the damages which respondent had sustained. We therefore conclude that the court did not err in its rulings on this point.

It is said the verdict was not justified by the evidence, but was manifestly the result of prejudice. There was testimony tending to show that the damages were as great, if not greater than the amount found, and while there was a conflict in the evidence upon this subject, and it is impossible to tell how the jury determined upon the exact amount returned, we cannot say that a new trial should be granted on this ground.

It is objected that one Perkins was improperly allowed to testify as an expert. It was clearly shown that the witness was a practical machinist, and was familiar with the requirements of a machine like that in question. He had examined other similar machines manufactured by appellant in 1884 and 1885, and understood the principles applied in their construction. His testimony was as to the general design of the machine, and as to whether it was so made as to successfully do the work it was intended to accomplish. Under all the circumstances shown, we see no error in the rulings of the court as to the admissibility of the testimony of this witness.

It is further claimed that the court erred in modifying certain instructions and in refusing to give other instructions asked for appellant. After carefully reading all of the instructions requested, we think the law of the case was very fully and fairly given to the jury, and that no error was committed by the modifications and refusals complained of.

The other matters discussed by counsel do not require special notice. Looking at the whole case as presented by the record, we see nothing calling for a reversal of the judgment, and we therefore advise that the judgment and order be affirmed.

FOOTE, C., concurred.

HAYNE, C., concurring.—I concur, on the ground that I do not think the contract purports to be for liquidated damages.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.