[Sac. No. 4449. In Bank.—August 27, 1931.]

FRANK B. EBBERT et al., Respondents, v. MERCANTILE TRUST COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Clark, Nichols & Eltse and Brobeck, Phleger & Harrison for Appellants.

Duard F. Geis for Respondents.

LANGDON, J.—This action was brought to cancel two notes and deeds of trust by which they were secured. Upon motion of plaintiffs, judgment was rendered in their favor on the pleadings. Defendants appeal on the judgment-roll.

From the pleadings it appears that plaintiffs executed one note and deed of trust on their own property, and later succeeded to the property subject to the other deed of

trust executed by one McMillan. The notes and deeds of trust arose out of the same type of transaction and are similar in their provisions. Plaintiffs on December 14, 1922, purchased from Berkeley Securities Company a tract of land of about 10 acres, at $655 per acre, paying $2,500 in cash, and executing their note for the balance, which totaled $4,832.77. The note was made to Security Bond and Finance Company, and the deed of trust to defendant Mercantile Trust Company, as trustee. The note provided that its payment was dependent upon performance by the vendor of the terms of a certain contract entered into by the parties at the time of purchase. By the terms of this contract, Berkeley Securities Company was given control over the property, and it agreed to grade the land, plant Kadota fig trees, install pumping plants, irrigate, cultivate and care for the land and pay taxes for a period of six years. Until the payment of the note, one-half the proceeds of the crops was to go to the company, and the other half was to be credited on the past payments to be made on the note. The note contains this provision: " . . . upon failure of the said Berkeley Securities Company to carry out any and all parts of its terms, conditions and covenants in the said agreement after ninety days' written notice" the note is to become "null and void as to the balance of the payments to be made herein". The deed of trust contains a similar provision. The complaint sets forth that written notice of failure to comply with the care contract was served on Berkeley Securities Company on July 17, 1926, and on defendant College Building and Loan Association on July 29, 1926. The latter notice concluded with the statement that "these instruments are now both null and void". The answer alleges that the care contract was fully performed for a period of three and one-half years; that Berkeley Securities Company and Security Bond and Finance Company became bankrupt, but that defendant College Building and Loan Association purchased the note for value and prior to the default in performance. It is further alleged that plaintiffs received the whole of the crops for 1926, 1927 and 1928, without accounting to defendant for its share thereof. The answer also sets forth various expenses incurred in carrying out the contract, and alleges that the reasonable cost of carrying

out the required performance for the remaining two and one-half years of the six-year period was the sum of $50 per acre for each year, including the value of the crops.

The prayer of the answer was that the court grant relief to the plaintiffs only upon condition that they do equity. This position is, we think, unquestionably sound.

■ The note expressly provides a penalty for failure to perform the care contract. That penalty is the forfeiture of the right to enforce the note and deed of trust. ■ A penalty need not take the form of a stipulated fixed sum; any provision by which money or property would be forfeited without regard to the actual damage suffered would be an unenforceable penalty. (See *Greenleaf* v. *Stockton Combined Harvester & Agr. Works,* 78 Cal. 606 [21 Pac. 369]; Ballantine, Forfeiture for Breach of Contract, 5 Minn. L. Rev. 329.) By its terms, the provision would apply here regardless of the amount of the balance due on the note, and irrespective of the kind or extent of default in performance, or the amount of beneficial performance already received. There is nothing in the pleadings or in the nature of the contract to show that the actual damage suffered by default in performance would be "impracticable or extremely difficult to ascertain" (Cal. Civ. Code, sec. 1671) and unless such a showing is made the provision is unenforceable. (Cal. Civ. Code, sec. 1670; *Sun-Maid Raisin Growers* v. *Mosesian,* 90 Cal. App. 1 [265 Pac. 828]; *Leslie* v. *Brown Bros.,* 208 Cal. 606 [283 Pac. 936]; see Arndt, Liquidated Damages in California, 10 Cal. L. Rev. 8.)

■ Moreover, the action is in equity, to cancel the note and deed of trust. The settled doctrine not only prevents a court of equity from enforcing a forfeiture (Cal. Civ. Code, sec. 3369), but requires that the court grant relief from it. Section 3275 of the Civil Code provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, *or a loss in the nature of a forfeiture,* by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." This section codifies the equitable rule, which Pomeroy states as follows: "Wherever a penalty or a forfeiture is used merely to secure the

payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment, or performance, or enjoyment to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead thereof, proportionate to the damages actually resulting from the non-payment, or non-performance, or non-enjoyment, according to the stipulations of the agreement. The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured.'' (Pomeroy, Equity Jurisprudence, sec. 433.) The same writer also declares that ''a court of equity will never, by its affirmative action, or by the affirmative provisions of its decree, enforce a penalty or forfeiture, or any stipulation of that nature . . . '' (Ibid., sec. 381; see, also, sec. 459.) The present holder of the note has not been guilty of any of the misconduct described in section 3275 of the Civil Code, nor can the bankruptcy of its predecessor in interest be regarded as a wilful breach of duty. Defendant offers to do equity and to compensate plaintiffs for all losses actually sustained. It would be difficult to conceive of a clearer case for the application of the equitable doctrine.

*Glock* v. *Howard*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], upon which plaintiffs place great reliance, is not controlling. The holding there was that in a contract of sale of real property, where time was of the essence, the vendor might, upon default by the vendee, stand upon his contract, retain title and forfeit prior installments of the purchase price. In that case payment of the whole of the purchase price was a condition precedent to the right to receive a deed. While this decision undoubtedly permits a forfeiture in violation of the spirit and perhaps the language of section 3275 (see 18 Cal. L. Rev. 681), its conclusion was reached without any consideration of the statute, and it deals only with express conditions precedent. It cannot be deemed to apply to a case involving facts which are wholly dissimilar. Defendants here are not defaulting purchasers claiming a deed, and plaintiffs are not standing upon their contract, but are

seeking the aid of the court to escape from its obligations. Moreover, the instant case does not involve a condition precedent to performance by the purchasers. The payments on the note are required to be made periodically, and concurrently with performance by the vendor. The penal provision is in the nature of a condition subsequent, setting forth a contingency upon the happening of which the forfeiture takes place. (See 6 R. C. L. 904, secs. 290, 291.)

Another persuasive argument of defendants is that a strict construction of the forfeiture provisions, as required by statute (Cal. Civ. Code, sec. 1442), shows that there was not a sufficient compliance with its requirement of notice on the part of plaintiffs. Because of the above conclusion, it is unnecessary to consider this point.

It follows that the notes and deeds of trust should not be canceled unless defendants are reimbursed for the reasonable value of the benefits already conferred by their part performance. On the other hand, if the notes remain as binding obligations, plaintiffs are entitled to compensation for the partial failure of performance, which compensation may be applied on their liability under the notes, and reduced by any amount which may be due defendants out of the proceeds of crops not accounted for. Of course, in requiring plaintiffs to reimburse defendants for the reasonable value of their performance, the court must permit a deduction for any damages actually suffered by the default.

The judgment is therefore reversed, with directions to the trial court to permit amendment of pleadings or introduction of evidence in conformity with the conclusions reached in this opinion.

Preston, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.